1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

3

4

FRANCISCO MONTESERIN-
RODRIGUEZ,

5

6

Plaintiff

CIVIL 08-2302 (FAB) (JA)

7

v.

8

9

WILFREDO ESTRADA-ADORNO,
LILLIAM ALVAREZ et al.,

10

Defendants

11

12

OPINION AND ORDER

13

14

This matter comes before the court on a pro-se complaint (which seeks to

15

be converted to a class action) filed by inmate Francisco Monteserin Rodriguez,

16

an inmate at El Zarzal prison camp in Rio Grande, Puerto Rico.  The complaint is

17

18

filed   pursuant  to  42  U.S.C.  §  1983.   Plaintiff  claims  that  his  Fourteenth

19

Amendment right to equal protection under the law (being discriminated against

20

for  being  a  male)  has  been  violated  because  as  a  male,  he  is  being  treated

21

differently than similarly situated females in that he is not offered rehabilitation

22

23

programs leading to parole.  As petitioner is proceeding pro se, I will construe

24

the pleadings, however inartful, liberally.  See Erickson v. Pardus, 551 U.S. 89,

25

94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v.

26

Kerner, 404 U.S. 519, 520-21 (1972).  "The policy behind affording pro se

27

plaintiffs liberal interpretation is that if they present sufficient facts, the court

28

CIVIL 08-2302 (FAB) (JA)                    2

may intuit the correct cause of action, even if it was imperfectly pled."  See

Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may

construe pro se pleadings so as to avoid inappropriately stringent rules and

unnecessary dismissals of claims).  All of the factual assertions made by a pro

se plaintiff and inferences reasonably drawn therefrom must be accepted as

true.  See  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  A

complaint requires only "a short and plain statement of the claim showing that

the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. at 93 (quoting

Fed. R. Civ. P. 8(a)(2)).  "The complaint must allege 'a plausible entitlement to

relief' in order to survive a motion to dismiss."  Thomas v. Rhode Island, 542

F.3d 944, 948 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 559 (2007)).  That the complaint allege a conceivable entitlement of relief

is insufficient.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  "[A]

plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."  Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir.

2008), cert. denied, 129 S. Ct. 175 (2008) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. at 555).  The complaint will be dismissed if it "fails to set forth 'factual

allegations, either direct or inferential, respecting each material element

necessary to sustain recovery under some actionable legal theory.'"  Gagliardi

CIVIL 08-2302 (FAB) (JA)                3

v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

Petitioner alleges in his complaint that he feels discriminated against since he has not been given services and necessary therapies in order to qualify for diversion programs linked to parole.  He alleges that this has been a clear practice of the Department of Corrections since by not receiving services and therapies, he can never qualify for community rehabilitation programs so that he must extinguish his complete sentence.  He notes that this is not the same manner in which female convicts are treated.  Petitioner seeks punitive damages in the amount of $250,000 and a discontinuance of discrimination. The last summons was returned on March 3, 2009 and there has been veritably no further action in this case since then.

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[1]; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v.

---

[1]42 U.S.C. § 1983 provides that:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

CIVIL 08-2302 (FAB) (JA)                    4

Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002); see Sanchez Rodriguez v.

Departamento de Corrección y Rehabilitación, 537 F. Supp. 2d 295, 296 n.1

(D.P.R. 2008).  In order for a petitioner to be held liable under § 1983, his or

her conduct must have caused the alleged constitutional or statutory

deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978);

Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Monteserin-

Rodriguez's claims allege violations of federal constitutional law effected by

state actors, his suit properly arises under § 1983, because of the allegedly

disparate treatment he is being subjected to when compared to the treatment

received by women, all in violation of his rights to equal protection

under the Fourteenth Amendment equal.  In order to establish an equal

protection violation, plaintiff must:

> adduce sufficient evidence from which a rational
>  jury reasonably could conclude that, compared with others
> similarly situated, he was selectively  treated . . . based on
> impermissible considerations such as race, religion, intent
> to inhibit or punish the exercise of constitutional rights, or
> malicious or bad faith intent to injure a person.

Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004) (internal citations omitted).

"Selective enforcement claims are judged according to ordinary Equal

Protection standards, which require a petition to show both a discriminatory

purpose and a discriminatory effect."  Gardenhire v. Schubert, 205 F.3d 303,

318 (6th Cir. 2000).

CIVIL 08-2302 (FAB) (JA)                    5

Petitioner, for purposes of the equal protection analysis, must demonstrate that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002).  An equal protection claim succeeds only if the decision to treat plaintiff differently than those similarly situated is wholly "arbitrary or irrational."  Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Employees, 813 F.2d 484, 492 (1st Cir. 1987). Plaintiff must demonstrate that the selective treatment he suffered as a male "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [plaintiff]."  Rubinovitz v. Rogato, 60 F.3d 906, 910 (quoting Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen, 878 F.2d 16, 21 (1st Cir. 1989)).  Further, to allege a selective treatment claim based on malicious intent or bad faith of a government official, plaintiff "must establish more than that the government official's actions were simply arbitrary or erroneous; instead the plaintiff must establish that the defendant's actions constituted a 'gross abuse of power.'"  Tapalian, 377 F.3d at 6 (citing Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000), Rubinovitz, 60 F.3d at 912 (nothing that "gross abuse of power" may obtain where official harbors personal hostility

CIVIL 08-2302 (FAB) (JA)                    6

toward plaintiff, and undertakes a "malicious orchestrated campaign causing substantial harm"), and <u>Vill. of Willowbrook</u>, 528 U.S. at 566 (Breyer, J., concurring) (discussing necessity of demonstrating "extra factors" to establish equal protection violation, such as "vindictive action," "illegitimate animus," or "ill will")).

Here, petitioner has failed to allege facts that demonstrate a violation of each of the elements of his Fourteenth Amendment equal protection claim.  To demonstrate selective treatment, petitioner gives no facts except for a conclusory statement which does not lead to a conclusion that there has been selective treatment against him as a male.

Even granting that petitioner has stated he was subjected to selective treatment by the defendants because of his gender, he has failed to allege any facts which demonstrate that such lack of opportunity for treatment or programs was unconstitutional.  Petitioner has not alleged that the selective treatment was based on impermissible considerations, as set out in <u>Rubinovitz</u>. 60 F.3d at 910.  Further, to the extent that petitioner rests his Fourteenth Amendment claim on generalized malicious intent or bad faith, there are no facts alleged which allow me to find that such an intention was at work in denying his access to rehabilitation programs, and that any denial to participate in programs constituted a "gross abuse of power" by defendants.

CIVIL 08-2302 (FAB) (JA)                    7


See Tapalian, 377 F.3d at 6.  There is no constitutional right to rehabilitative training or treatment. See Santana v. Collazo, 533 F. Supp. 966, 976-77, 992 (D.P.R. 1982), rev'd on other grounds  Santana v. Collazo, 714 F.2d 1172, 1177 (1st Cir. 1983).  Finally, the opportunity for parole is a privilege, not a right.

     In view of the above, the complaint be dismissed for failing to state a claim upon which relief might be granted.  The Clerk is directed to enter judgment accordingly.

     At San Juan, Puerto Rico, this 28th day of December, 2009.


                                                  S/ JUSTO ARENAS

                                                  Chief United States Magistrate Judge